UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
JOCELYN CHROBAK,

                 Plaintiff,          <u>OPINION</u>

     -against-             06 Civ. 1916 (MGC)


HILTON GROUP PLC A.K.A. LADBROKES
PLC, HILTON INTERNATIONAL, HILTON
HOTELS CORPORATION, COSTA CARIBE
CORAL BY HILTON, and MR. NEGRO
JIMENEZ,

                 Defendants.

----------------------------------X


APPEARANCES:

        MANCHANDA LAW OFFICES
        Attorneys for Plaintiff
        80 Wall Street, Suite 705
        New York, New York 10005

        By: Rahul Manchanda, Esq.


        KARDARAS & KELLEHER LLP
        Attorneys for Defendants
        44 Wall Street, 16th Floor
        New York, New York 10005

        By: Lori S. Kahn, Esq.

**Cedarbaum, J.**

This diversity action arises from the rape of plaintiff Jocelyn Chrobak on March 9, 2005 by Negro Jimenez, a security guard at a hotel in the Dominican Republic.  Plaintiff, a Pennsylvania resident, sues the guard, the hotel, Costa Caribe Coral by Hilton ("Costa Caribe"), and three entities affiliated with the Hilton Hotel chain.

Hilton Group Plc a.k.a. Ladbrokes Plc ("Ladbrokes") moves to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that the vicarious liability claim is time-barred.  Hilton International moves to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that the vicarious liability claim is time-barred, and, pursuant to Fed. R. Civ. P. 12(b)(5), for insufficient service of process. For the following reasons, defendants' motions to dismiss are granted in part and denied in part.

BACKGROUND

In her original Complaint, filed on March 10, 2006, plaintiff alleged that both Costa Caribe and Hilton Hotels Corporation ("Hilton Hotels") were vicariously liable for the rape, and that Costa Caribe negligently hired and supervised Jimenez.  On July 10, 2006, plaintiff filed an Amended Complaint

naming two additional defendants, Ladbrokes and Hilton International.  The Amended Complaint reiterates the allegations of the original Complaint, and adds claims against both Ladbrokes and Hilton International for vicarious liability and against Hilton International for negligently hiring and supervising Jimenez.

The original Complaint asserted that Costa Caribe is "a part of Hilton Caribbean Group, which in turn is a part of Hilton International." (Compl. ¶ 4)  It also alleged that Hilton Hotels acquired "Hilton Group Plc (known collectively as 'Hilton International')" in February of 2006.  (Compl. ¶ 4)  In the Amended Complaint, plaintiff offers a slightly different picture. The Amended Complaint alleges that a U.K. company named Ladbrokes, formerly known as Hilton Group Plc, owned both Hilton International and Costa Caribe until February of 2006, when Hilton Hotels acquired both Ladbrokes and Hilton International. (Am. Compl. p. 2 and ¶ 3)

Ladbrokes was served with the Amended Complaint on July 13, 2006.  It answered on July 20, 2006.  Hilton International states that it has not yet been served with the Amended Complaint. Nevertheless, it filed an answer to the Amended Complaint on July 20, 2006.

DISCUSSION


I:   Statute of Limitations


        Because subject matter jurisdiction over this suit is based

on diversity of citizenship, New York state law determines the

applicable statute of limitations.   See Stuart v. Am. Cyanamid

Co., 158 F.3d 622, 626 (2d Cir. 1998).   Under N.Y. C.P.L.R.

§ 202:

        An action based upon a cause of action accruing
        without the state cannot be commenced after the
        expiration of the time limited by the laws of
        either the state or the place without the state
        where the cause of action accrued, except that
        where the cause of action accrued in favor of a
        resident of the state the time limited by the laws
        of the state shall apply.


Plaintiff is not a resident of New York.   Thus, her claims are

time-barred if they are untimely under the shorter of either New

York's limitation period or the limitation period of the

Dominican Republic.

        Because neither party provides the statute of limitations of

the Dominican Republic, nor asserts that the law of the Dominican

Republic should apply, New York State's statute of limitations

applies.   See Clarkson Co. Ltd. v. Shaheen, 660 F.2d 506, 512 n.4

(2d Cir. 1981) (approving district court's application of New

York law where parties did not assert the applicability of foreign law).

Under New York law, the statute of limitations for intentional torts is one year.  N.Y. C.P.L.R. § 215(3). Plaintiff's Amended Complaint was filed on July 10, 2006, one year and four months after the alleged rape.  Thus, defendants argue, the vicarious liability claims against Ladbrokes and Hilton International are untimely.  Plaintiff counters that her claims are saved by the "relation back" doctrine, pursuant to which claims are not time-barred if the Amended Complaint "relates back" to the original Complaint.  Pleadings "relate back" under Fed. R. Civ. P. 15(c) when:

> (1)  relation back is permitted by the law that provides the statute of limitations applicable to the action,[1] or
>
> (2)  the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3)  the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the

---

[1] New York's "relation back" rule is patterned after the federal rule and does not alter the analysis here.  See Buran v. Coupal, 87 N.Y.2d 173, 179 (1995); Morse/Diesel, Inc. v. Fid. and Deposit Co. of Md., No. 86 Civ. 1494, 1995 WL 358627, at *6 n.5 (S.D.N.Y. June 15, 1995).

> merits, and (B) knew or should have known
> that, but for a mistake concerning the
> identity of the proper party, the action
> would have been brought against the party.

Both Ladbrokes and Hilton International argue that the Amended Complaint fails to relate back under Rule 15(c)(3)(B) because neither had reason to know that, but for a mistake as to their identities, they would have been named as parties in the original Complaint.  To the contrary, defendants argue, Hilton International and Ladbrokes could not have known that they would be added as defendants because they are improper parties that have "nothing whatsoever to do with the daily operations of the involved hotel, let alone with its security guards."  (Hilton International Br. at 6)

To establish "mistake" under Rule 15(c)(3), a plaintiff must show either factual mistake (for example, that she misnamed a party or misidentified the party she wished to sue) or legal mistake (for example, that she misunderstood the legal requirements of her cause of action).  See Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 36 (2d Cir. 1996).  The Second Circuit has held that the mistake exception is not available when a plaintiff knew the identity of the newly named defendant and its possible involvement in the alleged acts and simply chose not to sue it at the time of the original pleading.  See Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994).

Cornwell involved claims of sexual harassment and discrimination against state employees.  The original complaint named a handful of individuals as defendants but identified additional individuals as being involved in the discriminatory treatment; the amended complaint sought to add several of these additional actors as defendants.  The court found that, because plaintiff clearly knew the identities of the other defendants and their involvement in the discrimination at the time she filed her original complaint, her failure to name them in the original complaint was a choice, rather than a "mistake."  Id.

Defendants rely on Cornwell to argue that plaintiff's passing references to both "Hilton plc" and "Hilton International" in the original Complaint demonstrate that she knew defendants' identities and their possible connection to the suit but simply chose not to sue them initially.  Plaintiff counters that she did not name Ladbrokes and Hilton International because she lacked sufficient information about the Hilton corporate entities and their relationship with one another, information that plaintiff says she still does not have and cannot obtain without discovery.  Moreover, plaintiff argues, her confusion as to the proper defendants was justified in light of the February 2006 acquisition of Hilton International and Ladbrokes by Hilton Hotels, a transaction which preceded the filing of the original Complaint by only one month.  In sum,

plaintiff argues that her failure to name Hilton International
and Ladbrokes should be considered a mistake, rather than a
deliberate choice.

Plaintiff's argument is unavailing.  As in <u>Cornwell</u>,
plaintiff referred to both "Hilton plc" (now known as Ladbrokes)
and Hilton International by name in the original Complaint, and
discussed their relationship to the named Hilton entities,
indicating her awareness of their existence and possible
connection to this suit.  See <u>Prince v. Suffolk County Dep't. of
Health Services</u>, No. 89 Civ. 7243, 1995 WL 144782, at *9
(S.D.N.Y. Apr. 3, 1995) ("[C]ourts have denied relation back
where a plaintiff is obviously aware of the proposed additional
party throughout the litigation, and fails to join that party
within the governing statute of limitations.").  Nor do the
purported "ambiguities" caused by the February 2006 acquisition
explain plaintiff's initial failure to name Ladbrokes and Hilton
International as defendants, because the acquisition not only
preceded the filing of the original Complaint, but was referred
to several times in the original Complaint.  Plaintiff's
identification of Ladbrokes and Hilton International in the
original Complaint made it reasonable for these entities to
believe that the decision not to name them as defendants was
deliberate and not a mere mistake.  See <u>In re Integrated Res.
Real Estate Ltd. P'ships Sec. Litig.</u>, 815 F. Supp. 620, 644

(S.D.N.Y. 1993) ("The distinction is between the plaintiffs'
strategy or lack of due diligence and their honest error.").

Accordingly, plaintiff's vicarious liability claims against
Ladbrokes and Hilton International are time-barred, and
defendants' motions to dismiss those claims are granted.

## II:   Insufficient Service

In addition to her claims for vicarious liability, plaintiff
alleges negligent hiring and supervision by Hilton International,
a claim that is not time-barred.  Therefore, I turn to Hilton
International's second basis for its motion to dismiss – that it
was never served with the Amended Complaint.

Hilton International asserts that its principal place of
business is Coral Gables, Florida, a fact easily ascertainable
through a simple internet search, and that it is also registered
for service in Albany, New York through the New York Department
of State, Division of Corporations.  Yet the summons lists Hilton
International's address as Beverly Hills, California.  Moreover,
Hilton International argues, the Amended Complaint was not even
served on Hilton International at the Beverly Hills address
written on the summons.

Fed. R. Civ. P. 4(m) provides:

If service of the summons and complaint is not
made upon a defendant within 120 days after the
filing of the complaint, the court, upon motion or
on its own initiative after notice to the
plaintiff, shall dismiss the action without
prejudice as to that defendant or direct that
service be effected within a specified time;
provided that if the plaintiff shows good cause
for the failure, the court shall extend the time
for service for an appropriate period.

Although the time to serve Hilton International with the Amended

Complaint expired on November 7, 2006, plaintiff argues that she

has shown good cause warranting an extension of time.

"In determining whether a plaintiff has shown good cause

under Rule 4(m), courts in this Circuit generally consider

whether (1) the plaintiff made reasonable efforts to serve the

defendant, and (2) the defendant was prejudiced by the delay in

service." Shider v. Communications Workers of America, No. 95

Civ. 4908, 1999 WL 673345, at *2 (S.D.N.Y. Aug. 30, 1999). Since

Hilton International answered the Amended Complaint just ten days

after it was allegedly served, it is clear that the delay in

service has not caused any prejudice to defendant. However, it

is more difficult to conclude that plaintiff made "reasonable

efforts" to serve Hilton International. Plaintiff argues that

her proper service on Ladbrokes, which owned Hilton International

until February 2006, constitutes a reasonable effort to serve

Hilton International. But it is well settled that service of

process on a parent corporation does not constitute service on a

subsidiary.  Giar v. Centea, A Div. of KBC Bank, NV, No. 02 Civ.
7916, 2003 WL 1900836, at *2 (S.D.N.Y. Apr. 16, 2003).  Nor does
plaintiff offer any explanation for her failure to seek out the
proper address of Hilton International.  Counsel's negligence
does not constitute "good cause" justifying a failure to effect
timely service of process.  See McGregor v. U.S., 933 F.2d 156,
160 (2d Cir. 1991).

     "Even in the absence of good cause," however, "a district
court may extend the period for service as an exercise of
discretion."  See Henderson v. U.S., 517 U.S. 654, 658 n.5 (1996)
(noting that Rule 4(m) "permits a district court to enlarge the
time for service 'even if there is no good cause
shown.'")(citation omitted); AIG Managed Mkt. Neutral Fund v.
Askin Capital Mgmt., L.P., 197 F.R.D. 104, 109 (S.D.N.Y. 2000)
("Although an extension of time is not mandatory in the absence
of good cause, the Court may in its discretion extend the time to
complete service.").

     Hilton International does not assert that plaintiff's
failure to serve caused it any prejudice; in fact, it appears to
have received notice of plaintiff's claims as early as the filing
of the original Complaint, and it answered the Amended Complaint
soon after it was filed.  Moreover, Hilton International is
represented in this action by the very counsel who represents the
other Hilton entities in this action.  See Tishman v. Associated

11

Press, No. 05 Civ. 4278, 2005 WL 3466022, at *2 (S.D.N.Y. Dec. 16, 2005). "Under the circumstances, no interest of justice would be served by dismissing the action." Id.

Accordingly, in an exercise of discretion, I deny Hilton International's motion to dismiss for insufficient service the negligent hiring and supervision claims.


                              CONCLUSION


For the foregoing reasons, the motions of Ladbrokes and Hilton International to dismiss plaintiff's time-barred vicarious liability claims are granted.  Hilton International's motion to dismiss the negligent supervision and hiring claims is denied.


SO ORDERED.


Dated:    New York, New York
          August 15, 2007


              S/_____
                   MIRIAM GOLDMAN CEDARBAUM
                   United States District Judge