```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JOCELYN CHROBAK,

                Plaintiff,          OPINION

        -against-                   06 Civ. 1916 (MGC)


HILTON INTERNATIONAL, HILTON
HOTELS CORPORATION, and COSTA CARIBE
CORAL BY HILTON,

                Defendants.

-----------------------------------X


APPEARANCES:

        MANCHANDA LAW OFFICES PLLC
        Attorneys for Plaintiff
        80 Wall Street, Suite 705
        New York, New York 10005

        By:  Rahul D. Manchanda, Esq.
             Justin Parsons, Esq.


        KARDARAS & KELLEHER LLP
        Attorneys for Defendants
        44 Wall Street, 16th Floor
        New York, New York 10005

        By:  Lori S. Kahn, Esq.
             William P. Kardaras, Esq.
```

**Cedarbaum, J.**

In her Third Amended Complaint, Jocelyn Chrobak sues Hilton International Corporation ("Hilton International"), Hilton Hotels Corporation ("Hilton Hotels"), and the Costa Caribe Coral by Hilton hotel ("Costa Caribe") for negligence, negligent supervision, negligent infliction of emotional distress, and breach of contract arising out of her rape on March 9, 2005 at the Costa Caribe.[1] Costa Caribe moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. All defendants move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for sanctions pursuant to Fed. R. Civ. P. 11. For the following reasons, Costa Caribe's motion to dismiss for lack of personal jurisdiction and to dismiss the negligence claims is denied. Hilton International's and Hilton Hotels' motion to dismiss the negligence claims is granted, and defendants' motion to dismiss the breach of contract claim is granted. Defendants' motion for sanctions is denied.

## BACKGROUND

According to the Third Amended Complaint ("Complaint"), Chrobak was raped by a Costa Caribe security guard named Negro

---

[1] Negro Jimenez, a security guard at the Costa Caribe and the alleged perpetrator of the rape, was dismissed from the case for lack of personal jurisdiction on December 6, 2007.

Jimenez while she was staying at the Costa Caribe during her college spring break in March of 2005.

Costa Caribe is located in and organized under the laws of the Dominican Republic. At the time of the rape, Hilton International was owned by Hilton Group PLC. Soon thereafter, Hilton International was sold to Hilton Hotels. Hilton International is a wholly-owned subsidiary of Hilton Hotels (collectively the "Hilton defendants"), both of which are Delaware corporations with principal places of business in California. The Complaint alleges both that that Costa Caribe was owned and operated by the Hilton defendants and that Costa Caribe entered into a detailed Development Agreement (the "Agreement") with Hilton International. However, the Agreement, which was quoted from extensively and incorporated into the Complaint, clearly establishes that Coral Hotels & Resorts, S.A. ("Coral") entered into the Agreement with a subsidiary of Hilton International, and that Coral is the operator and manager of the Costa Caribe, which is owned by Inversiones Costa Caribe, S.A. Thus, the Hilton defendants do not own Costa Caribe, but they did have a franchise or branding relationship with Coral, the operator and manager of the Costa Caribe. Defendants contend that Coral, and by extension Costa Caribe, ended its relationship with Hilton International in October of 2006.

The Complaint further specifies that the Agreement gave Hilton International a significant amount of control over Costa Caribe, such that "Costa Caribe may be said to be simply a department of the parent." In general, the Agreement established an exclusive branding relationship whereby Coral utilized the Hilton brand name with hotels that it operated, like the Costa Caribe. Coral gained access to Hilton's reservation and marketing services in exchange for certain royalties and fees, and hotels managed by Coral under the "Coral by Hilton" brand had to meet various standards set by Hilton International. Chrobak alleges that Hilton International controlled Costa Caribe's "advertising, marketing, promotions, reservations services, life and safety standards, monetary obligations, and liability agreements." She contends that Hilton International and Hilton Hotels acted as Costa Caribe's agent in New York by offering exclusive reservation and marketing services.

Chrobak alleges that as innkeepers, defendants owed a heightened duty of care to her, and that their failure to prevent her rape and supervise Jimenez was negligent. She asserts that defendants breached a contract, entered into between the parties upon her checking into the Costa Caribe, by failing to maintain safe and habitable conditions at the Costa Caribe.

## DISCUSSION

### I. Personal Jurisdiction over Costa Caribe

Costa Caribe moves to dismiss for lack of personal jurisdiction. Chrobak argues that Costa Caribe is subject to general jurisdiction in New York pursuant to N.Y. C.P.L.R. § 301 based on an agency relationship with Hilton International and Hilton Hotels.

Chrobak must establish that this court has personal jurisdiction over Costa Caribe. Credit Suisse Sec. (USA) LLC v. Hilliard, 469 F. Supp. 2d 103, 106 (S.D.N.Y. 2007). Some jurisdictional discovery was allowed in this case, but there has not been an evidentiary hearing. To survive Costa Caribe's Rule 12(b)(2) motion, Chrobak's "prima facie showing ... must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant." Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). Chrobak's factual allegations are assumed to be true for purposes of the motion. Id. The court may consider affidavits and documents submitted by the parties, construing them in the light most favorable to plaintiff. Credit Suisse, 469 F. Supp. 2d at 107. All doubts are resolved in plaintiff's favor. Id.

Whether there is personal jurisdiction over Costa Caribe is a matter of New York law. Wilhelmshaven Acquisition Corp. v. Asher, 810 F. Supp. 108, 111 (S.D.N.Y. 1993). If jurisdiction under New York law is established, a due process analysis under

the Fourteenth Amendment is required. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242 (2d Cir. 2007).

General jurisdiction for "doing business" in New York is governed by N.Y. C.P.L.R. § 301. "A [defendant] is amenable to suit in New York ... under CPLR 301 if it has engaged in such a continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted .... The test for 'doing business' is a 'simple [and] pragmatic one,' which varies in its application depending on the particular facts of each case .... The court must be able to say from the facts that the [defendant] is 'present' in the State 'not occasionally or casually, but with a fair measure of permanence and continuity.'" Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 77 N.Y.2d 28, 33-34 (1990) (citations omitted) (second alteration in original). Traditional indicia of general jurisdiction include: "the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 58 (2d Cir. 1985). Presence can be established by the defendant's own activities, or those of his agent performed on his behalf. Frummer v. Hilton Hotels Int'l, Inc., 19 N.Y.2d 533, 538 (1967).

Chrobak does not allege that Costa Caribe has any office, property, or employees in New York.  Rather, she attempts to make a prima facie case for jurisdiction based on an agency relationship with the Hilton defendants.  "Under well-established New York law, a court of New York may assert jurisdiction over a foreign corporation when it affiliates itself with a New York representative entity and that New York representative renders services on behalf of the foreign corporation that go beyond mere solicitation and are sufficiently important to the foreign entity that the corporation itself would perform equivalent services if no agent were available."  Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2d Cir. 2000).  For example, on a motion to dismiss in Frummer v. Hilton Hotels International, Inc., the Court of Appeals found general jurisdiction over Hilton U.K. based on the marketing, reservation, and publicity activities of Hilton Reservation Service, an affiliated reservations service that had a New York office, bank account, and telephone number.  19 N.Y.2d at 537-38.  To come within this rule, however, "[t]he agent must be primarily employed by the defendant and not engaged in similar services for other clients."  Wiwa, 226 F.3d at 95.

In Welinsky v. Resort of World D.N.V., the Second Circuit reversed a dismissal for lack of personal jurisdiction over a hotel in St. Maarten, finding general jurisdiction based on an agency relationship with a New York advertising and reservation

7

agency for a group of individual hotels, including the defendant. 839 F.2d 928, 928-30 (2d Cir. 1988). The agent's ability to make and confirm reservations without consulting with the defendant was held to be beyond mere solicitation of business, and was therefore sufficient for general personal jurisdiction via the agency relationship. Id. at 930. See also Gelfand v. Tanner Motor Tours, Ltd., 385 F.2d 116, 121 (2d Cir. 1967) (jurisdiction found over out-of-state defendants affiliated with an out-of-state branding entity that contracted with a New York agent who had the power to make binding reservations for defendants and performed other services); cf. Miller v. Surf Props., Inc., 4 N.Y.2d 475, 481 (1958) (finding lack of jurisdiction where purported New York agent did not make binding reservations for defendant).

Chrobak avers that the Hilton defendants are subject to general jurisdiction in New York based on the substantial business that they conduct in New York. Costa Caribe does not contest that the Hilton defendants are subject to general jurisdiction here. Next, Chrobak alleges that the Hilton defendants conducted all of Costa Caribe's marketing, solicitation, reservation, and other services in New York. She alleges that sales agents and the Hilton defendants' websites were available in New York for individuals to reserve hotel rooms at the Costa Caribe.

8

The Agreement gave Hilton International sole discretion to provide reservation services for Costa Caribe. Costa Caribe, through its operator Coral, had to pay a fee for those services. Hilton International was also given full control over advertising and promotional materials. The Complaint alleges that this control extended to participation at trade shows. Chrobak argues that, in the absence of the agency relationship, Costa Caribe would have performed the reservation and marketing services provided by the Hilton defendants in New York. She supports this contention by providing evidence that Costa Caribe attended a trade show in New York in 2008, an activity which, she argues, would have been performed by the Hilton defendants if the Agreement were still in place.

The Agreement provides a factual basis for Chrobak's allegations that the Hilton defendants were acting as Costa Caribe's agent in New York. As in Frummer and Welinsky, the Hilton defendants had the authority to make binding reservations for Costa Caribe. Chrobak's evidence regarding Costa Caribe's attendance at a trade show in New York supports her argument that, while the Agreement was in effect, the Hilton defendants were performing necessary reservation and marketing activities for Costa Caribe in New York. In addition, Chrobak alleges that the Hilton defendants are subject to general jurisdiction in New York, have a physical presence in New York through various Hilton

hotels located in New York, and have sales agents that work in New York.

Costa Caribe argues that the Hilton defendants did not own, operate, or manage the Costa Caribe. While this may be true, an agency relationship still could have existed. Next, Costa Caribe argues that jurisdiction over it should be assessed at the time of the filing of the Third Amended Complaint, which would have been after the relationship between Hilton International and Coral was severed. The initial complaint in this action was filed in March of 2006. "[P]ersonal jurisdiction depends on the defendant's contacts with the forum state at the time the lawsuit was filed." Klinghoffer v. S.N.C. Achille Lauro, 937 F.2d 44, 52 (2d Cir. 1991). Thus, the relationship between Costa Caribe and the Hilton defendants is relevant for the jurisdictional inquiry even if Coral and Costa Caribe are no longer affiliated with the Hilton defendants.

Costa Caribe also argues that Chrobak fails to show that the Hilton defendants were acting as Costa Caribe's agents in New York. In Frummer, Welinsky, and Gelfand, the agents in question had offices in New York. Here, although Chrobak does not specifically allege that the Hilton defendants have offices in New York through which they conducted the reservation and marketing activities for Costa Caribe, she does allege that the Hilton defendants are subject to general jurisdiction in New

York, that they have a physical presence in New York via various hotels, and that they have sales agents and websites operating in New York through which they carried out their agency role. See Russell v. Hilton Int'l of Puerto Rico, No. 93 civ. 2552, 1994 U.S. Dist. LEXIS 1100 at *7 (S.D.N.Y. Feb. 4, 1994) (prima facie case sufficient based on allegation that New York Hilton functioned as agent for Hilton hotel in Puerto Rico).

These allegations, when assumed to be true, are sufficient to make a prima facie case for personal jurisdiction over Costa Caribe in New York through an agency relationship with the Hilton defendants. The Hilton defendants' activity as agents for Costa Caribe had a fair measure of permanence and continuity. Costa Caribe had sufficient minimum contacts in New York through its agent to satisfy Due Process requirements. See Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945). Thus, at this stage in the case, Chrobak has stated a prima facie case for personal jurisdiction over Costa Caribe.

Costa Caribe notes that Chrobak has not specified the manner in which her reservation was made. While that information is certainly relevant, a finding that Costa Caribe is subject to general jurisdiction in New York means that it can be sued in New York even if the transaction in question has no direct relationship with New York.

**II. Failure to State a Claim**

All defendants move to dismiss the Complaint for failure to state a claim upon which relief can be granted. On a Rule 12(b)(6) motion, plaintiff's factual allegations are presumed to be true and all reasonable inferences are drawn in plaintiff's favor. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). A contract integral to the complaint may be considered. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)).

**A. Previous Rulings**

Defendants argue that my previous rulings preclude any claims against the Hilton defendants. My opinion dated August 15, 2007 dismissed plaintiff's claims for vicarious liability against Hilton Group PLC and Hilton International as time-barred, but denied the motion to dismiss the negligent hiring and supervision claim against Hilton International. Chrobak v. Hilton Group PLC, No. 06 civ. 1916, 2007 U.S. Dist. LEXIS 59646 at *9, *12 (S.D.N.Y. August 15, 2007). At oral argument on

December 6, 2007, plaintiff was given leave to file an amended complaint to allege claims of negligence in violation of the innkeeper's duty. The Hilton defendants were not dismissed from the case.

**B. Negligence Claims**

**1. Who Owed the Duty**

The Hilton defendants argue that they did not owe a duty of care to Chrobak because they did not own, operate, or manage the Costa Caribe. The Agreement relied upon in the Complaint indicates that Coral operated and managed Costa Caribe, while Inversiones Costa Caribe, S.A. owned it. The Agreement also establishes the scope of the franchise or branding relationship between Coral and Hilton International. Chrobak alleges that the franchise relationship was such that Hilton International "exhibited a significant amount of control over the internal and external policies of Costa Caribe concerning safety and maintenance of Hilton standards for guests."

To maintain an action against a franchisor for the acts of its franchisee, plaintiff must demonstrate that the franchisor controlled the daily activities of the franchisee in the particular course of conduct giving rise to plaintiff's claim. Martinez v. Higher Powered Pizza, Inc., 43 A.D.3d 670, 671 (1st Dep't 2007); Hart v. Marriott Int'l, Inc., 304 A.D.2d 1057, 1058

(3d Dep't 2003). Chrobak fails to allege a plausible claim that the Hilton defendants exerted such day-to-day control over the security policies of the Costa Caribe. She also fails to allege a nexus between the Hilton defendants' policies and the Costa Caribe's negligence in hiring, training, or supervising Jimenez. Moreover, the Agreement does not indicate that the Hilton defendants exerted day-to-day control over the Costa Caribe's security operations, nor does it establish that any of the Hilton defendants' policies or standards had any relation to the negligence of the Costa Caribe alleged by Chrobak. Accordingly, the negligence claims against the Hilton defendants are dismissed for failure to state a plausible claim against them of actionable negligence.

### 2. Scope of the Duty

Plaintiff alleges that Costa Caribe breached its innkeeper's duty of reasonable care. See de Wolf v. Ford, 193 N.Y. 397, 404 (1908). Costa Cairbe argues that the actions of Jimenez were not reasonably foreseeable and therefore outside the scope of its duty of care.

Costa Caribe cites Rednour v. Hilton Hotels Corp., 283 A.D.2d 221, 222 (1st Dep't 2001), and Pascarelli v. LaGuardia Elmhurst Hotel Corp., 294 A.D.2d 343, 344 (2d Dep't 2002), for the proposition that it must protect its guests only from

foreseeable criminal conduct. These cases dealt with criminal conduct by third parties, not by a hotel employee. Egregious criminal conduct by employees can fall within an innkeeper's duty of care. In Tobin v. Slutsky, a young female guest of a hotel and resort was followed from the lobby to the elevator by a hotel employee, who then threatened the guest with a knife and directed her to the top floor of the building and out onto its roof, where he proceeded to molest and sexually assault her. 506 F.2d 1097, 1099 (2d Cir. 1974). The Second Circuit reversed the lower court's directed verdict in favor of plaintiff hotel guest on the issue of liability because that issue and the question of proof regarding lack of reasonable care by the hotel were matters for the jury to decide. Id. at 1103. See also Stone v. William M. Eisen Co., 219 N.Y. 205, 207-09 (1916) (employer can be held liable for sexual assault or rape committed by employee based on special duty of care owed by employer to patron).

Here, the facts surrounding Chrobak's alleged rape are similar to those in Tobin. Foreseeability is not a bar to Chrobak's negligence claims against Costa Caribe.

**C. Breach of Contract**

All defendants move to dismiss the breach of contract claim because breach of an innkeeper's duty is an action in tort. Although some cases have described the innkeeper's duty as an implied contract, the duty is a common law duty, and breach of

that duty constitutes a tort.  See Darby v. Compagnie Nat'l Air France, 96 N.Y.2d 343, 348 (2001); Apple Records, Inc. v. Capitol Records, Inc., 137 A.D.2d 50, 55 (1st Dep't 1988).

**III. Rule 11 Sanctions**

All defendants move for Rule 11 sanctions on the basis that plaintiff named the Hilton defendants after they were already dismissed from the case.  First, this motion is improper because it was not filed in accordance with Rule 11(c)(2).  Second, as noted above, defendants are mistaken in believing that I dismissed the Hilton defendants entirely from the case.

**CONCLUSION**

For the foregoing reasons, Costa Caribe's motion to dismiss for lack of personal jurisdiction and for failure to state an actionable claim of negligence is denied.  The Hilton defendants' motion to dismiss the negligence claims against them is granted, and the motion of all defendants to dismiss the breach of contract claim is granted.  Accordingly, all claims against the Hilton defendants and the contract claim against Costa Caribe are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  The motion for sanctions is denied.

SO ORDERED.

Date:     New York, New York
          September 29, 2008

                                    S/_____
                                      MIRIAM GOLDMAN CEDARBAUM
                                      United States District Judge